USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

–v–

William Tucker,

        Defendant.

13-cr-378 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    The Court received the attached pro se motion for compassionate release from Mr. Tucker. Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and the discretion of the Court, Robert Soloway is hereby appointed to represent Mr. Tucker in connection with his compassionate release motion. Within four weeks from the date of this Order, Mr. Soloway should make a submission in support of Mr. Tucker's motion or request additional time if necessary. The Government shall respond to the motion within two weeks of the date of the supplemental submission. Mr. Soloway may file a reply for Mr. Tucker within one week of the Government's response.

SO ORDERED.

Dated: May 11, 2021
      New York, New York

                                      ALISON J. NATHAN
                                      United States District Judge

TUCKER, William
Register No.: 68509-054
Unit: 3A
Page 1



## Inmate Request to Staff Response

This is in response to your September 24, 2020, Inmate Request to Staff, wherein you request a Compassionate Release/Reduction in Sentence (RIS) based upon Medical Circumstances.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Your request for Compassionate Release/RIS has been reviewed. Our records indicate you are 48 years old. You are not completely disabled, unable to perform activities of daily living and totally confined to a bed or chair more than fifty percent of waking hours. The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

Accordingly, your request for Compassionate Release/RIS is denied. If you are not satisfied with this response to your request, you may appeal this decision through the Administrative Remedy Process.

10/8/2020
Date

Catricia L. Howard
Warden

TUCKER, William
Reg. No.: 68509-054
Appeal Number: 1053490-F1
Page 1

---

## Part B - Response

This is in response to your Request for Administrative Remedy received on October 23, 2020, in which you are requesting to be considered for Compassionate Release based on extraordinary or compelling reasons and medical conditions based on concerns about contracting COVID-19.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Your request for Compassionate Release/RIS was reviewed and denied on October 8, 2020. Our records indicate you are 48 years old. Your medical record does not indicate you suffer from a terminal medical condition. You are not disabled or unable to perform activities of daily living. You do not have a condition that diminishes your ability to function in a correctional environment. The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.

Therefore, based on the above information, your request for Administrative Remedy is denied.

If you are not satisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 2nd and Chestnut Streets, 7th Floor, Philadelphia, Pennsylvania, 19106, within 20 calendar days of this response.

11/2/2020
Date

Catricia L. Howard
Warden

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

        Plaintiff,

      v.                                           13 cr 00378

WILLIAM TUCKER

        Defendant.

## MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

---

                                            William Tucker, Pro Se

                                            Allenwood FCI

                                            P.O. Box 2000

                                            White Deer, PA. 17887

# INTRODUCTION

The defendant William Tucker, appearing pro se, moves this Court pursuant to 18 USC § 3582(c)(1)(a)(i), as amended by the CARES ACT, for Compassionate Release/Reduction of Sentence;

# NATIONAL EMERGENCY

Our nation is undisputably in an unprecedented time of crisis. The Coronavirus was first reported all across America, including several within the federal prison system. Next, former President Donald Trump declared the pandemic a "National Emergency," and urged U.S. citizens to "shelter in place". Then finally, in an

1.

attempt to reduce the federal prison population United States Attorney General William Barr directed the Bureau of Prisons to immediately start releasing at risk inmates to home confinement.

The COVID-19 pandemic has spread to over 210 countries, infecting over six million people worldwide. To date, over 500,000 deaths. U.S. prisons have been referred to as petri dishes for COVID-19 because most prisons are overcrowded and prisoners are confined in close quarters, so if one gets sick, all get sick.

There have been thousands of confirmed COVID-19 cases, and numerous deaths throughout the State of Pennsylvania, including those

2.

here at Allenwood FCI. Given the speed that the disease has spread, conjoined with the fact that I am an "at high risk" person, time is of the essence. Any delay or denial of this request may result in catastrophic health consequences, or death, both of which are undoubtedly preventable.

COMPASSIONATE RELEASE/ SENTENCE REDUCTION

A. Relief is not sought under Sections 3, 4, 5, or 6 of BOP Program Statement 5050.50. The procedures for Compassionate Release/ Reduction of Sentence are set forth in BOP Program Statement 5050.50 ("PS 5050.50"). PS 5050.50 states that anyone seeking Compassionate Release under 18 U.S.C. § 3582 (c)(1)(a) must do so in writing to the Warden of his facility. To be clear, I only cite 5050.50 for procedural purposes only.

3.

I am not requesting a reduction in sentence based on the very limited factors found in PS 5050.50. My request is based more on the criteria found in 18 U.S.C. § 3582(c)(1)(a)(i) where "extraordinary and compelling reasons warrant such a reduction," which was modified by the FSA. It is further outlined under § 1B1.13 Application Note 1(D) of the United States Sentencing Guidelines where it states "other reasons - there exists in the defendant's case extraordinary and compelling reasons other than, OR in combination with the reasons described in subdivisions A-C." Exposure to COVID-19, my debilitating medical condition(s), and the irreparable harm or death that may occur if

4.

I became infected is one of the extraordinary and compelling reasons that I seek a sentence reduction since social distancing, self quarantine, and being able to effectively sterilize my living quarters are not possible. The other reason for my request are the above average efforts I have made toward rehabilitation. In 96 months I have had zero disciplinary reports, I have taken a slew of various educational and self-help classes, and I mentor other inmates who may struggle with adjusting to prison life.

B.  18 U.S.C. § 3582 - Imposition of a sentence of imprisonment.

Section 3582 (c)(1)(a)(i), in pertinent part explains:

"[T]he court, upon motion of the Director of the Bureau of Prisons... may reduce the term of imprisonment... after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that - extraordinary and compelling reasons warrant such a reduction ..."

C. Section 3553 - Imposition of a sentence

18 U.S.C. § 3553(a) sets forth factors that a sentencing court shall comply with. The Judge should impose a sentence "sufficient, but not greater than necessary." Judges should also consider the nature and circumstances of the offense, as well as the characteristic of the defendant. The imposed sentence should promote

6.

respect for the law and provide just punishment all while deterring criminal conduct and protecting the public. And finally, the sentence must provide the defendant with needed educational, vocational, and medical care or treatment in the most effective manner.

The 3553(a) factors in this matter are satisfied. I have accepted responsibility for my actions, am a rehabilitated non-violent offender, 96 months incarceration provided just punishment, afforded adequate deterrence from criminal conduct and promoted respect for the law. I pose no threat to my community, and while my educational programming record is extensive, employment and contributions in society would prove to be effective.

7.

# CARES ACT

In March 2020, President Trump signed into law the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). The CARES Act does many things related to economic stimulus. It also authorizes the U.S. Attorney General to take various population reduction Action to stem the spread of COVID-19 within the BOP, as well as using his power to take other decisive methods and placing prisoners on home confinement much sooner than previously permitted.

    Before the CARES Act enactment, BOP's power was extremely limited. Now

8.

the Director is no longer without discretion. Section 12003 (b)(2) of the Act empowers the Director and his administration with legal authority to release prisoners regardless of how much time remains on their sentence.

A.G. Barr issued 3 memorandums to the BOP between March 26, 2020 and April 26, 2020, setting forth criteria for individuals that may be potential candidates for release. Although this petition does not seek home confinement placement, in light of the COVID-19 pandemic, A.G. Barr's early release discretionary factors should be considered in this case.

# FACTORS FOR CONSIDERATION

The three COVID-19 memorandums issued by former Attorney General William Barr offered guidance to the Bureau of Prisons on how to identify potential early release candidates. Discretionary factors included:

1) Age/health and medical vulnerability;
2) Facility security level;
3) Prison conduct;
4) PATTERN score;
5) Re-entry plan; and
6) Crime of conviction.

With these factors in mind, I am a 48 y/o with high blood pressure.

I am currently housed at a medium security facility with clear conduct for the entire 96 months of my incarceration. My re-entry plan is to reside with my father, a retired United States Armed Forces veteran, who supports my re-integration into society. I also plan to gain entry-level employment where possible while re-familiarizing myself and adjusting to a post COVID era. My crime of conviction is Conspiracy to Commit Hobbs Act Robbery for which my role was minimal. Both of my co-defendants were granted a reduction of sentence to time served. It bears repeating that I have taken measures to rehabilitate.

In support, I have enclosed copies of my program participation and disciplinary history. I most likely will apply for medicaid until health insurance is available through my employer.

## CONCLUSION

Based on the above premises, I ask that this Honorable Court reduce my sentence to time served and any such relief the Court deems just and proper.

Respectfully,

*William Tucker*
William Tucker
PRO SE

Dated: April 16, 2021

12.